UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BYRNA TECHNOLOGIES, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>DUKE DEFENSE USA, INC., a Delaware corporation; BOUGIEFIT, LLC, a Nevada limited liability company; ZYN APPAREL, a Delaware limited liability company; REILLY SCHUELER, an individual; BENJAMIN M. FLAM; an individual; JONATHAN COBB SANDERS, an individual; RANDALL CLIFTON, an individual; DENI STRAHL, an individual; BRAD THOMAS, an individual; APRIL WOODWARD, an individual; and TYLER AKIN, an individual,<br><br>                Defendants. | Case No.: 2:21-cv-01559<br><br>**TEMPORARY RESTRAINING ORDER**<br><br>[ECF No. 6] |

      Plaintiff Byrna Technologies, Inc. filed an *ex parte* motion for a temporary restraining order seeking to enjoin the defendants from using Byrna's trademark and trade secret information. ECF No. 6 at 5.  Byrna also seeks an order requiring the defendants to preserve all devices and information that may have a bearing on this litigation. *Id.*

      Byrna filed the motion *ex parte* because it fears the defendants will destroy evidence in the absence of an order requiring them to preserve it. *See* ECF No. 6-1 at 5.  "A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." *Stedeford v. Wal-Mart Stores, Inc.*, 2016 WL 3462132, at *5 (D. Nev. June 24, 2016).  "A party's duty to preserve evidence begins when litigation is pending or reasonably foreseeable." *Id*. at 4 (quotation marks and citation omitted). Thus, a preservation order should not be necessary because once a party is served with a lawsuit it is aware that litigation is pending and has a duty to preserve evidence.

But if Byrna's allegations about the defendants are true, then the prophylactic effects of court-ordered preservation may carry some additional weight. Byrna alleges that the defendants, while employed by Byrna, copied, downloaded, or improperly transferred Byrna's trade secrets and took Byrna's computers and devices and did not return them. This theft and abuse of Byrna's confidential and trade secret information, if true, would constitute irreparable harm to Byrna. Thus, there is good cause to partially grant Byrna's motion and order the defendants to preserve information, material, and devices.

However, Byrna has not offered any basis for an *ex parte* order enjoining the defendants from using the trademarks and information at issue. I will address the motion on an emergency basis. But Byrna fails to justify precluding the defendants from responding to the allegations before I consider imposing severe restrictions on the conduct of their business.

I THEREFORE ORDER that plaintiff Byrna Technologies, Inc.'s motion for temporary restraining order **(ECF No. 6) is granted in part**. Defendants Duke Defense USA, Inc.; BougieFit, LLC; Zyn Apparel, LLC d/b/a Treezyn; Reilly Schueler; Benjamin M. Flam; Jonathan Cobb Sanders; Randall Clifton; Deni Strahl; Brad Thomas; April Woodward; and Tyler Akin (collectively Defendants) shall immediately preserve all of Byrna's property (and all copies made of such property) in their possession, custody, or control. Such property includes but is not limited to (1) any confidential, non-public information or trade secrets of Byrna; (2) the 64 GB Memory Card, Toshiba External USB 3.0 – Serial No. 20200118012909F, Samsung PSSD T7 – Serial No. S5TCNJ0N600924B, and REALSIL RTSUERLUN0 Drive/Card; and (3) the computer provided by Byrna to defendant Sanders.

I FURTHER ORDER the Defendants to not access, copy, transfer, alter, delete or otherwise modify any devices, equipment, or storage service that are the property of Byrna or

that contain any confidential, non-public information or trade secrets of Byrna.

      I FURTHER ORDER the Defendants to preserve and not destroy, alter, or modify any evidence relating to this matter, including but not limited to documents and communications (including any emails, texts, or other messages) concerning (1) their employment with Byrna (or any of its parents, subsidiaries, or affiliates); (2) their work or services performed for or on behalf of Byrna (or any of its parents, subsidiaries, or affiliates) whether as an employee, independent contractor, or otherwise; (3) their communications and interactions with any current or former employee or contractor of Byrna (or any of its parents, subsidiaries, or affiliates); (4) their communications with or on behalf of any current or former supplier, dealer, or vendor of Byrna (or any of its parents, subsidiaries, or affiliates); (5) invoices, bills, or charges to Byrna (or any of its parents, subsidiaries, or affiliates) for third-party goods or services and payments or reimbursements by Byrna (or any of its parents, subsidiaries, or affiliates) for such goods or services; (6) payments and reimbursements received by any of the Defendants from or on behalf of Byrna (or any of its parents, subsidiaries, or affiliates); (7) marketing, advertising, social media, and search engine optimization goods or services provided to, obtained, or procured for or on behalf of Byrna (or any of its parents, subsidiaries, or affiliates); (8) their communications and interactions with any person or entity in direct competition with Byrna, including any of Byrna's respective employees, officers, agents, or representatives.

      I FURTHER ORDER Byrna to serve the Defendants with copies of all papers filed in this case, including this Order, by Wednesday, August 25, 2021.

      I FURTHER ORDER that if Byrna files a new motion for temporary restraining order or preliminary injunction, the defendants may file a response within four business days of service of that motion.  Byrne may file a reply within two business days of service of the defendants'

response. I will set a hearing on the motion if necessary.

I FURTHER ORDER that, given the limited nature and scope of this injunction, no security is required under Federal Rule of Civil Procedure 65(c).

This order shall remain in effect for 14 days absent further order of the court.

ENTERED this 24th day of August, 2021 at 8:59 a.m.

_____
Andrew P. Gordon
United States District Court Judge