JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
HOLLY E. WALKER, ESQ.
Nevada Bar No. 14295
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
E-Mail: joshua.sliker@jacksonlewis.com
E-Mail: holly.walker@jacksonlewis.com

DALE M. CENDALI, ESQ.
*Admitted Pro Hac Vice*
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
E-Mail: dale.cendali@kirkland.com

ALLISON W. BUCHNER, ESQ.
*Admitted Pro Hac Vice*
**KIRKLAND & ELLIS LLP**
2049 Century Park East, Ste. 3700
Los Angeles, California 90067
Telephone: (310) 552-4200
E-Mail: allison.buchner@kirkland.com

DREW MORRILL, ESQ.
*Admitted Pro Hac Vice*
**KIRKLAND & ELLIS LLP**
555 S. Flower Street, Ste. 3700
Los Angeles, California 90071
Telephone: (213) 680-8278
E-Mail: drew.morrill@kirkland.com

*Attorneys for Plaintiff Byrna Technologies, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BYRNA TECHNOLOGIES, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>DUKE DEFENSE USA, INC., a Delaware corporation; BOUGIEFIT, LLC, a Nevada limited liability company; ZYN APPAREL, a Delaware limited liability company; REILLY SCHUELER, an individual; BENJAMIN M. FLAM; an individual; JONATHAN COBB SANDERS, an individual; RANDALL CLIFTON, an individual; DENI STRAHL, an individual; BRAD THOMAS, an individual; APRIL WOODWARD, an individual; and TYLER AKIN, an individual,<br><br>                    Defendants. | Case No.: 2:21-cv-01559-APG-NJK<br><br>**STIPULATION AND ORDER EXTENDING THE:**<br><br>(1) **TEMPORARY RESTRAINING ORDER AS TO DEFENDANT FLAM; AND**<br><br>(2) **TIME FOR DEFENDANT FLAM TO RESPOND TO ECF NOS. 1 AND 14**<br><br>**(FIRST REQUEST)** |

Plaintiff Byrna Technologies, Inc. ("Byrna" or "Plaintiff"), by and through its undersigned counsel, and Defendant Benjamin M. Flam, *pro se*, hereby stipulate and agree as follows:

1. Plaintiff filed a Complaint and Request for Injunctive Relief (ECF No. 1) and a Motion for Temporary Restraining Order (ECF No. 6) on August 23, 2021.

2. The Court issued a Temporary Restraining Order on August 24, 2021 and provided that if Plaintiff filed a new motion for a temporary restraining order or a motion for preliminary injunction, Defendants would have four business days thereafter to respond. ECF No. 10.

3. Defendant Flam was personally served with the Summons, Complaint, Motion for Temporary Restraining Order, and Temporary Restraining Order on August 24, 2021. His response to the Complaint is currently due on or before September 14, 2021.

4. Plaintiff filed its Motion for Preliminary Injunction on August 24, 2021. ECF No. 14. Defendants' respective responses are therefore due by Monday, August 30, 2021.

5. Defendant Flam has notified Plaintiff's counsel that he has an upcoming jury trial in the U.S. District Court, District of Massachusetts, which is expected to last approximately three weeks. As a result, he needs additional time to respond to Plaintiff's Complaint, and Motion for Preliminary Injunction.

6. To accommodate Defendant Flam's schedule, Plaintiff and Defendant Flam agree that:

   a. Defendant Flam shall have until October 13, 2021 to file his responses, if any, to Plaintiff's Complaint (ECF No. 1), and Plaintiff's Motion for Preliminary Injunction (ECF No. 14).

   b. Plaintiff shall have until October 20, 2021 to file its reply, if any, in support of its Motion for Preliminary Injunction.

7. Plaintiff and Defendant Flam further agree that the Temporary Restraining Order, including any amendment or supplement thereof by the Court, shall be binding upon and remain in full force and effect as to Defendant Flam, pursuant to Fed. R. Civ. P. 65(b)(2), until such time as the Court rules on Plaintiff's Motion for Preliminary Injunction as it pertains to Defendant Flam.

8. Neither this Stipulation nor the extensions provided herein shall effect the Court's ability to rule upon or grant the relief requested in Plaintiff's Motion for Preliminary Injunction as it pertains

to other parties. Further, nothing in this Stipulation shall be construed as effecting the validity or effectiveness of the Temporary Restraining Order as to other parties. Moreover, the purpose of this Stipulation is for scheduling purposes only, and nothing in this Stipulation shall be construed to be an admission by any party, nor shall it be used for or against any party as it relates to the merits of any allegation in the case, including but not limited to the merits of the Temporary Restraining Order or Plaintiff's Motion for Preliminary Injunction.

DATED this 30th day of August, 2021.

| JACKSON LEWIS, P.C. | BENJAMIN M. FLAM |
|---|---|
| /s/ Joshua A. Sliker | /s/ Benjamin M. Flam |
| JOSHUA A. SLIKER, ESQ. | 94 Stockade Path |
| Nevada Bar No. 12493 | Duxbury, Massachusetts 02332 |
| HOLLY E. WALKER, ESQ. | |
| Nevada Bar No. 14295 | *Defendant Pro Se* |
| 300 S. Fourth Street, Ste. 900 | |
| Las Vegas, Nevada 89101 | |
| | |
| *Attorneys for Plaintiff* | |
| *Byrna Technologies, Inc.* | |

IT IS SO ORDERED.

_____
United States District Court Judge /
United States Magistrate Judge

Dated: __August 30, 2021__

3