JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
KYLE J. HOYT, ESQ.
Nevada Bar No. 14886
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
E-Mail: joshua.sliker@jacksonlewis.com
E-Mail: kyle.hoyt@jacksonlewis.com

DALE M. CENDALI, ESQ.
*Admitted Pro Hac Vice*
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
E-Mail: dale.cendali@kirkland.com

ALLISON W. BUCHNER, ESQ.
*Admitted Pro Hac Vice*
**KIRKLAND & ELLIS LLP**
2049 Century Park East, Ste. 3700
Los Angeles, California 90067
Telephone: (310) 552-4200
E-Mail: allison.buchner@kirkland.com

DREW MORRILL, ESQ.
*Admitted Pro Hac Vice*
**KIRKLAND & ELLIS LLP**
555 S. Flower Street, Ste. 3700
Los Angeles, California 90071
Telephone: (213) 680-8278
E-Mail: drew.morrill@kirkland.com

*Attorneys for Plaintiff Byrna Technologies, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BYRNA TECHNOLOGIES, INC., a Delaware corporation,<br><br>                    Plaintiff,<br>vs.<br><br>DUKE DEFENSE USA, INC., a Delaware corporation; BOUGIEFIT, LLC, a Nevada limited liability company; ZYN APPAREL, a Delaware limited liability company; REILLY SCHUELER, an individual; BENJAMIN M. FLAM; an individual; JONATHAN COBB SANDERS, an individual; RANDALL CLIFTON, an individual; DENI STRAHL, an individual; BRAD THOMAS, an individual; APRIL WOODWARD, an individual; and TYLER AKIN, an individual,<br><br>                    Defendants. | Case No.: 2:21-cv-01559-APG-DJA<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS (ECF NO. 29)**<br><br>**(SECOND REQUEST)** |

Plaintiff Byrna Technologies, Inc. ("Byrna" or "Plaintiff"), by and through its counsel, the law firms of Jackson Lewis P.C., and Kirkland & Ellis LLP, hereby submits the instant Motion to Extend the Time for Plaintiff to Respond to Defendants' Duke Defense USA, Inc. ("Duke USA"), Zyn Apparel, LLC d/b/a Treezyn ("Treezyn"), Reilly Schueler ("Schueler"), Benjamin M. Flam ("Flam"), Jonathan Cobb Sanders ("Sanders"), Randall Clifton ("Clifton"), Deni Strahl ("Strahl"), and April Woodward ("Woodward") (collectively, "Defendants") Motion to Dismiss. This Motion is made pursuant to Fed. R. Civ. P. 6 and LR IA 6-1, and is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any argument that the Court deems proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

On September 28, 2021, Defendants Duke USA, Treezyn, Schueler, Flam, Sanders, Clifton, Strahl and Woodward, through their attorney Marc Cook, Esq., filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 29. Plaintiff's response was due by October 12, 2021. On October 5, 2021, Plaintiff and Defendants entered into a stipulation whereby Plaintiff's time to respond to Defendants' Motion to Dismiss was extended to October 26, 2021. ECF No. 38. That same day, Mr. Cook filed a Motion to Withdraw as counsel of record for Defendants which the Court granted the following day. ECF No. 39. In its order granting Mr. Cook's motion, the Court ordered that Duke USA and Treezyn must notify the Court by November 5, 2021 "if they will retain new counsel if they intend to continue to litigate" this case. *Id.* at p. 2. The Court also ordered that Defendants Schueler, Flam, Sanders, Clifton, Strahl and Woodward must notify the court by November 5, 2021 "whether they intend to proceed *pro se* or retain counsel." *Id.*

In light of these events, Plaintiff now moves for an extension of time to November 12, 2021 to respond to Defendants' Motion to Dismiss. This is Plaintiff's second request for an extension of the subject deadline. The decision to grant an extension or continuance is within the Court's sound discretion. *F.T.C. v. Gill*, 265 F.3d 944, 954-55 (9th Cir. 2001). Federal Rule of Civil Procedure 6(b)(1) provides that when an act must be done within a specified time, the Court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737

(9th Cir. 2013).

Here, good cause exists to extend the deadline for Plaintiff to respond to Defendants' Motion to Dismiss. As a threshold matter, Plaintiff brings the instant motion before the deadline to respond and thus within the requirements of Fed. R. Civ. P. 6(b)(1). *See Ahanchian v. Xenon Pictures*, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (requests for extensions of time made before the applicable deadline has passed should generally be granted in the absence of bad faith or prejudice to adverse party; good cause for an extension of time under Rule 6(b) is a "non-rigorous standard" that is construed broadly).

An extension is also warranted because given the withdrawal of Defendants' counsel, Plaintiff is uncertain whether Defendants intend to continue litigating this case. Plaintiff's requested extension takes into account Defendants' November 5th deadline to notify the Court of their intentions which will provide greater clarity. Indeed, if Defendants do not respond or indicate that they do not intend to continue litigating, that may very well obviate the need for Plaintiff to respond to Defendants' Motion at all.

Further, Plaintiff is engaged in negotiations with several Defendants to determine if resolution of Plaintiff's claims against them can be reached. An extension of time will help conserve the parties' respective resources while focused on such negotiations. In addition, if resolution is reached, it will reduce the number of parties involved in this case and narrow the claims and events at issue. Thus, considerations of efficiency and judicial economy also weigh in favor of granting Plaintiff's requested extension.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Plaintiff makes this request in good faith and not to delay these proceedings. Therefore, Plaintiff respectfully requests that the Court grant this Motion, and allow Plaintiff until November 12, 2021, in which to file Plaintiff's response to Defendants' Motion to Dismiss.

DATED this 20th day of October, 2021.

JACKSON LEWIS, P.C.

*/s/ Joshua A. Sliker*
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*
*Byrna Technologies, Inc.*

## **ORDER**

Good cause appearing, IT IS HEREBY ORDERED that Plaintiff's motion to extend time to respond to Defendants' Motion to Dismiss (Second Request) is GRANTED.

_____
United States District Court Judge

Dated:  October 22, 2021