1  JOSHUA A. SLIKER, ESQ.
   Nevada Bar No. 12493
2  HOLLY E. WALKER, ESQ.
   Nevada Bar No. 14295
3  **JACKSON LEWIS P.C.**
   300 S. Fourth Street, Ste. 900
4  Las Vegas, Nevada 89101
   Telephone: (702) 921-2460
5  E-Mail: joshua.sliker@jacksonlewis.com
   E-Mail: holly.walker@jacksonlewis.com
6
   DALE M. CENDALI, ESQ.
7  *Admitted Pro Hac Vice*
   **KIRKLAND & ELLIS LLP**
8  601 Lexington Avenue
   New York, New York 10022
   Telephone: (212) 446-4800
9  E-Mail: dale.cendali@kirkland.com

10 ALLISON W. BUCHNER, ESQ.
   *Admitted Pro Hac Vice*
11 **KIRKLAND & ELLIS LLP**
   2049 Century Park East, Ste. 3700
12 Los Angeles, California 90067
   Telephone: (310) 552-4200
   E-Mail: allison.buchner@kirkland.com
13
   DREW MORRILL, ESQ.
14 *Admitted Pro Hac Vice*
   **KIRKLAND & ELLIS LLP**
15 555 S. Flower Street, Ste. 3700
   Los Angeles, California 90071
16 Telephone: (213) 680-8278
   E-Mail: drew.morrill@kirkland.com

17 *Attorneys for Plaintiff Byrna Technologies, Inc.*

18 **UNITED STATES DISTRICT COURT**

19 **DISTRICT OF NEVADA**

| | |
|---|---|
| BYRNA TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br>vs.<br><br>DUKE DEFENSE USA, INC., a Delaware corporation; BOUGIEFIT, LLC, a Nevada limited liability company; ZYN APPAREL, a Delaware limited liability company; REILLY SCHUELER, an individual; BENJAMIN M. FLAM; an individual; JONATHAN COBB SANDERS, an individual; RANDALL CLIFTON, an individual; DENI STRAHL, an individual; BRAD THOMAS, an individual; APRIL WOODWARD, an individual; and TYLER AKIN, an individual,<br><br>Defendants. | Case No.: 2:21-cv-01559-APG-NJK<br><br>**STIPULATION AND ORDER EXTENDING THE:**<br><br>**(1) TEMPORARY RESTRAINING ORDER AS TO DEFENDANT FLAM; AND**<br><br>**(2) TIME FOR DEFENDANT FLAM TO RESPOND TO ECF NO. 14**<br><br>**(FOURTH REQUEST)** |

Plaintiff Byrna Technologies, Inc. ("Byrna" or "Plaintiff"), by and through its undersigned counsel, and Defendant Benjamin M. Flam, *pro se*, hereby stipulate and agree as follows:

1. Plaintiff filed a Complaint and Request for Injunctive Relief (ECF No. 1) and a Motion for Temporary Restraining Order (ECF No. 6) on August 23, 2021.

2. Defendant Flam was personally served with the Summons, Complaint, Motion for Temporary Restraining Order, and Temporary Restraining Order on August 24, 2021. Plaintiff filed its Motion for Preliminary Injunction on August 24, 2021. ECF No. 14.

3. On August 30, 2021, Plaintiff and Defendant Flam stipulated to extend the time for Defendant Flam to file his responses to Plaintiff's Complaint, and Plaintiff's Motion for Preliminary Injunction to October 13, 2021. ECF No. 21.

4. Defendant Flam filed a Motion to Dismiss in response to Plaintiff's Complaint on September 28, 2021. ECF No. 29.

5. On October 12, 2021, Plaintiff and Defendant Flam notified the Court that they are currently engaged in discussions which may resolve Plaintiff's claims against Defendant Flam, and required additional time to determine whether they will be able to reach agreement. Plaintiff and Defendant Flam stipulated to extend the time for Defendant Flam to file his response to Plaintiff's Motion for Preliminary Injunction to October 20, 2021 and that Plaintiff would have until October 27, 2021 to file its Reply in support of its Motion for Preliminary Injunction. ECF No. 41 ("Second Stipulation").

6. On October 18, 2021, Plaintiff and Defendant Flam notified the Court that they were still engaged in settlement discussions and needed additional time to complete those efforts. Plaintiff and Defendant Flam stipulated to extend the time for Defendant Flam to file his response to Plaintiff's Motion for Preliminary Injunction to October 29, 2021 and that Plaintiff would have until November 5, 2021 to file its Reply in support of its Motion for Preliminary Injunction. ECF No. 41 ("Third Stipulation"). The Court granted the Parties' Third Stipulation on October 19, 2021.

7. Plaintiff's and Defendant Flam's discussions regarding a potential resolution that may resolve Plaintiff's claims against Defendant Flam have continued to be productive, but require additional time to determine whether they will be able to reach a final agreement.

8. Therefore, to conserve the parties' respective resources, Plaintiff and Defendant Flam agree that Defendant Flam shall have an extension of time until November 5, 2021 to respond to Plaintiff's Motion for Preliminary Injunction. Plaintiff and Defendant Flam further agree that Plaintiff shall have until November 12, 2021 to file its Reply in support of its Motion for Preliminary Injunction.

9. Plaintiff and Defendant Flam further agree that the Temporary Restraining Order, including any amendment or supplement thereof by the Court, shall be binding upon and remain in full force and effect as to Defendant Flam, pursuant to Fed. R. Civ. P. 65(b)(2), until such time as the Court rules on Plaintiff's Motion for Preliminary Injunction as it pertains to Defendant Flam.

10. Neither this Stipulation nor the extensions provided herein shall effect the Court's ability to rule upon or grant the relief requested in Plaintiff's Motion for Preliminary Injunction as it pertains to other parties. Further, nothing in this Stipulation shall be construed as effecting the validity or effectiveness of the Preliminary Injunction as to other parties.

DATED this 29th day of October, 2021.

| JACKSON LEWIS, P.C. | BENJAMIN M. FLAM |
|---|---|
| /s/ Joshua A. Sliker | /s/ Benjamin M. Flam |
| JOSHUA A. SLIKER, ESQ. | 94 Stockade Path |
| Nevada Bar No. 12493 | Duxbury, MA 02332 |
| 300 S. Fourth Street, Ste. 900 | |
| Las Vegas, Nevada 89101 | *Defendant Pro Se* |
| | |
| *Attorneys for Plaintiff* | |
| *Byrna Technologies, Inc.* | |

**ORDER**

IT IS SO ORDERED.

_____
United States District Court Judge

Dated: November 1, 2021